UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JERRY ADAMS,

              Petitioner,

       vs.

RAYMOND CUNNINGHAM,

              Respondent.

No. 9:07-cv-00328-JKS

MEMORANDUM DECISION
[Re:  Motion at Docket No. 21]

## I..  MOTION

At Docket No. 21 Petitioner Jerry Adams has filed a document entitled "Notice of Appeal and Re-Consideration of Judgment Pursuant to Rule 4 - F.R.A.P."  At Docket No. 24 the Court entered its Order that it would treat the document as a timely motion for a new trial or to alter or amend the judgment under Federal Rule of Civil Procedure 59, and ordered a response be filed by Respondent.  Respondent filed his opposition at Docket No. 25.  No reply was timely filed.

## II.  JURISDICTION/TIMELINESS

The document  entitled "Notice of Appeal and Re-Consideration of Judgment Pursuant to Rule 4 - F.R.A.P."  was also docketed at Docket No. 20 as a Notice of Appeal.  Normally, a notice of appeal transfers jurisdiction over the matter to the court of appeals, thereby divesting the district court of jurisdiction.  There is, however, an exception to this rule.  A notice of appeal filed before the district court disposes of a timely motion under Rule 59, the notice of appeal does not become effective until the district court disposes of the motion.[1]  Thus, if Adams' motion is timely, this Court retains jurisdiction to rule on it.[2]

---

[1] Fed. R. App. P. 4(a)(4)(B)(i).

[2] *See New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 120 (2d Cir. 2006).

Respondent contends that the motion, to the extent that it is considered a motion under Rule 59, is untimely as it was filed more than 10 days after entry of the judgment.  The Court disagrees.  Judgment was entered on October 16, 2008.  The document entitled "Notice of Appeal and Re-Consideration of Judgment Pursuant to Rule 4 - F.R.A.P." was dated October 30, 2008, and file stamped November 3, 2008.  Excluding intervening Saturdays and Sundays,[3] the tenth day was October 30, 2008.  Applying the "mail box" rule and assuming that the "Notice of Appeal and Re-Consideration of Judgment Pursuant to Rule 4 - F.R.A.P."  was deposited for mailing on that date, Adams' motion is timely.

### III.  STANDARD OF REVIEW

In general, no error by the court is a ground for vacating, modifying, or otherwise disturbing a judgment unless required in the interests of justice.[4]  "That is to say, a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice."[5]  This Court "may alter or amend a judgment to correct a clear error of law or to prevent a manifest injustice."[6]  Amendment or alteration of the judgment may also be granted upon the introduction of newly discovered evidence or an intervening change in controlling law.[7]  In this case, the sole basis asserted is that this Court committed a clear error of law, the correction of which is necessary to prevent a manifest injustice.  A motion to vacate or amend a judgment, however, "cannot serve as an attempt to re-litigate matters.[8]

---

[3] Fed. R. Civ. P. 6(a)(2).

[4] Fed. R. Civ. P. 61.

[5] *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999).

[6] *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (internal quotation marks and citation omitted); *Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99 (2d Cir. 2004) (same).

[7] *See LiButti*, 178 F.3d at 119; *see also Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that court should grant reconsideration only where "moving party can point to controlling decisions or data that the court overlooked"); *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 948 F.2d 1338, 1344 (2d Cir. 1991) (reconsideration appropriate upon a showing of material error of law or clearly erroneous assessment of the evidence).

[8] *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

IV. DISCUSSION

Adams relies principally upon the Second Circuit decision in *Earley v. Murray*.[9]  In *Earley*, the Second Circuit, relying on the Supreme Court's decision in *Hill v. United States ex rel. Wampler*,[10] held that the New York Department of Correctional Services ("DOCS") lacked authority to impose a mandatory period of supervisory relief that was not included in the sentence pronounced by the trial court, vacated the judgment of the district court denying Earley's petition, and remanded the matter for further proceedings consistent with the court's opinion.[11]  This Court is, of course, bound by the decisions of the Second Circuit.[12]

Legally, this case is similarly situated with *Earley*.  In both cases DOCS lacked the authority to "correct" an error committed by the sentencing court and compute the sentences imposed accordingly.[13]  Factually, however, this case differs somewhat from *Earley*.  In *Earley*, the addition of the mandatory supervised release period subjected Earley to further custody because of the possibility of revocation and additional jail time.[14]  In this case, according to the DOCS computation, by treating the 1989 sentence as running consecutive to the undischarged portion of the prior sentences, Adams' maximum sentence was extended by two years, two months, and twenty-five days.[15]  Adams' conditional release date was also extended

---

[9] 451 F.3d 71 (2d Cir. 2006), *cert. denied sub nom. Burhle v. Earley*, 551 U.S. ___, 127 S.Ct. 3014 (2007) (Mem.)

[10] 298 U.S. 460, 465 (1936) ("The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." (citation and internal quotation marks omitted)).

[11] 451 F.3d at 76–77.

[12] *Nieves v. Oswald*, 477 F.2d 1109, 1112 (2d Cir. 1973).

[13] The Court notes, but does not consider as controlling, the recent decision by the Appellate Division, Third Department, holding that DOCS lacks such authority, effectively acknowledges *sub silentio* that its decision on appeal in this case was incorrectly decided.  *People ex rel. Gill v. Greene*, 852 N.Y.S.2d 457 (N.Y. App. Div. 2008).

[14] 451 F.3d at 75.

[15] Docket 11-2, p. 20.  The Court notes that there was no change in the minimum time.

proportionally.[16]  This factual difference, because the specter of further custody is more certain than in *Earley*, presents a more compelling argument in Adams' favor.  This Court can perceive of no principled reason not to apply the rationale and holding of *Earley* to this case.

## V.  CONCLUSION/ORDER

This Court having overlooked controlling authority, the prior decision was the result of a clear error of law, and a refusal to revisit that prior decision would work a manifest injustice. Accordingly,

IT IS ORDERED THAT the "Notice of Appeal and Re-Consideration of Judgment Pursuant to Rule 4 - F.R.A.P." at Docket No. 21, treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, is GRANTED.

IT IS FURTHER ORDERED THAT the petition for *habeas corpus* relief under 28 U.S.C. § 2254 is GRANTED.

IT IS FURTHER ORDERED THAT, unless the People of the State of New York have initiated proceedings in the Kings County Supreme Court to correct the sentence under otherwise applicable New York law within 60 days of the date that the judgment in this matter becomes final upon direct review, or the time for further direct review has lapsed, and the Kings County Supreme Court corrects the sentence imposed, the New York Department of Correctional Services must recompute the release dates for Petitioner treating the sentence imposed by the Kings County Supreme Court in this case in June 1989 as running concurrently with the undischarged portion, if any, of the sentences imposed in 1981 and 1985.

The Clerk of the Court is directed to enter an amended judgment accordingly.

Dated:  December 9, 2008.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[16] Adams' conditional release date, based upon his credit for good time, would decrease by the good time credit Adams would receive for the two-year, two-month, and twenty-five-day reduction in the maximum time to be served.

MEMORANDUM DECISION
*Adams v. Cunningham*, 9:07-cv-00328-JKS                4