UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY ADAMS,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>RAYMOND CUNNINGHAM,<br><br>　　　　　　　Respondent. | No. 9:07-cv-00328-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 28] |

　　　　At Docket No. 28 Petitioner Jerry Adams has requested the court amend its judgment entered granting his petition for a writ of habeas corpus under 28 U.S.C. § 2254 ordering an immediate recomputation of his sentence and release from custody. Treating the request as a timely motion to amend or alter or amend the judgment under Federal Rule of Civil Procedure 59, it will be denied.

　　　　The Record in this case shows that Adams is currently serving an indeterminate sentence of 20 to 40 years for his 1989 conviction. While Adams may be entitled to release on parole under New York law, irrespective of whether his current sentence was to be served concurrently or consecutively to the undischarged portion of his 1981 and 1985 sentences, Adams is not entitled to immediate unconditional release.

　　　　There is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[1] Under controlling Second Circuit precedent, New York's parole scheme does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.[2] Adams may be correct that, under New York law, the sentence may not be corrected and the sentences must be computed as being served concurrently. That

---

[1] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[2] *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *see also Davis v. Dennison*, 219 Fed.Appx. 68, 70 (2d Cir. 2007).

does not, however, entitle him to further relief in this Court. Even if the New York Department of Correctional Services erroneously computed Adams' parole eligibility date under New York law,[3] an issue neither raised nor argued, it does not raise a constitutional issue cognizable by this Court in a Federal habeas proceeding.[4] Assuming Adams is correct that his sentence may not be corrected, at most, this Court could order DOCS to immediately recompute Adams' parole eligibility and release dates. This Court may not, in the absence of some Federal constitutional infirmity that dictates such a result, order that Adams be released, whether on parole or unconditionally. In short, Adams' continued detention does not violate the Constitution of the United States. The principles of comity dictate that the issue of whether or not Adams' sentence may be corrected under New York law is a question to be first addressed by the state courts, not a federal court in a habeas proceeding.

**IT IS THEREFORE ORDERED THAT** the request to amend the judgment at Docket No. 28 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[5] No reasonable jurist could find that the decision of this Court is "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

Dated: January 16, 2009.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[3] The Court notes that the record indicates that Adams was scheduled for his initial parole hearing in June of this year. The Court assumes that Adams' initial parole hearing was held as scheduled.

[4] 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted).

[5] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted).